IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN FEDERSPIEL, ISAIAH ADAMS, JAMES HALLUM, JOEL PRICE, ERIN ANDERSON, THOMAS FRANCIS and KIANNA BOYLES, Plaintiffs, | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |
| v. | | |
| LASH LLC d/b/a LASH DELIVERY LLC, YESO LLC, MANIL UPPAL and ASHAAD MIRZA, Defendants. | | JURY TRIAL DEMANDED |

PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs SHAUN FEDERSPIEL, ISAIAH ADAMS, JAMES HALLUM, JOEL PRICE, ERIN ANDERSON, THOMAS FRANCIS and KIANNA BOYLES file this complaint against Defendants LASH LLC d/b/a LASH DELIVERY LLC, YESO LLC, MANIL UPPAL and ASHAAD MIRZA in due time, manner and form, and for cause of action against them would respectfully show as follows:

**I. INTRODUCTION**

1.1 Plaintiffs initiate this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the common-law rights of Plaintiffs.

1.2 Defendants intentionally failed to compensate Plaintiffs for wages earned while in the employ of Defendants and converted tips belonging to Plaintiffs to their own benefit.

1.3 Plaintiffs have been harmed as a result of Defendants' unlawful actions and seek recovery

of damages from Defendants including overtime compensation, liquidated damages, compensatory damages, attorney's fees, litigation costs, costs of court, and pre- and post-judgment interest as allowed by law.

## II. PARTIES

2.1     Plaintiffs are adult individuals and are citizens of the State of Texas.

2.2     Defendant LASH LLC d/b/a LASH DELIVERY LLC is a Delaware Limited Liability Company registered to do business in Texas and may be served with process by serving its registered agent Manil Uppal at 14681 Midway Road, Suite 200, Addison, Texas, USA 75001.

2.3     Defendant YESO LLC is a Texas Limited Liability Company registered to do business in Texas and may be served with process by serving its registered agent Manil Uppal at 14681 Midway Road, Suite 200, Addison, Texas, USA 75001.

2.4     Defendant ARSHAAD MIRZA is an individual and citizen of Texas and may be served with process at his residence located at 6320 Park Meadow, Plano, Texas 75093.

2.5     Defendant MANIL UPPAL is an individual and citizen of Texas and may be duly served with process at his residence located at 2801 Middle Gate Lane, Plano, Texas 75093.

## III. JURISDICTION AND VENUE

3.1     The Court has subject matter jurisdiction under 28 U.S.C. §1331 because this civil action arises under the Constitution, laws, or treaties of the United States, including specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. Jurisdiction is further conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

3.2     The Court has personal jurisdiction over the Defendants because they reside in Texas, conduct business in Texas and/or employed Plaintiffs in Texas.

3.3     Venue in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391 because Defendants Lash and/or Yeso maintain their principal place of business in this district, Defendants operate a delivery business in this District and/or because a substantial part of the events giving rise to the claims herein occurred in this District.

3.4     Defendants' unlawful conduct described in this complaint is covered by, and is in violation of, the FLSA.

## IV.  FACTS

4.1     Plaintiffs respectfully plead the following facts in support of the claims herein made by Plaintiffs against the Defendants:

### A.  FLSA Coverage

4.2     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

4.3     At all times relevant herein, Plaintiffs were employees within the meaning of the FLSA.

4.5     At all times relevant herein, Defendants' engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA, or alternatively, engaged in a business enterprise that has at least two employees and an annual dollar volume of sales or business done of at least $500,000.00.

4.6     Defendants' unlawful acts in violation of the FLSA have harmed Plaintiffs.

### B. Defendants' Alcohol Delivery Business - Lash Delivery

4.7     Defendants are engaged in a common scheme or enterprise that includes an alcohol delivery business that does business in Texas as Lash Delivery and reportedly serves San Francisco, California, as well as cities throughout Texas.

4.8     Defendants employ delivery drivers to deliver food, beer, wine, spirits and other items to their customers. Defendants promise its delivery drivers 100% of their tips in addition to a minimum hourly wage, and agreed to pay Plaintiff's $11.00 per hour.

4.9     Defendants alcohol delivery business offers more than 3000 types of beer, wine and spirits and drink mixers, including beer, wine and spirits manufactured outside of Texas and which have been transported interstate for sale and consumption in Texas.

4.10    Defendants' alcohol delivery business utilizes the LASH App to facilitate placement of delivery orders and payment via credit cards and payment processors such as Strip or Paypal.

### C. Defendants Mizra and Uppal are Employers

4.11    Defendants Mizra and Uppal are believed to be the sole and/or principal owners of Defendants Lash LLC d/b/a Lash Deliver LLC and Yeso LLC.

4.12    Defendants Mizra and Uppal are the named "managers" and "governing persons" of Defendants Lash LLC d/b/a Lash Delivery LLC and Yeso LLC.[1]

4.13    At all relevant times herein, Defendants Mizra and Uppal were and are directly responsible for governing Defendants Lash LLC d/b/a Lash Delivery LLC and Yeso LLC.

4.14    At all relevant times herein, Defendants Mizra and Uppal had managerial responsibilities and/or substantial control over the terms and conditions of the Plaintiffs' work as employees of

---

[1] According to Lash LLC's Application for Registration of a Foreign Limited Liability Company on file with the Texas Secretary of State, the purpose of the company is "[t]o operate a logistics/delivery company." Defendants Mizra and Uppal are the only "governing persons" identified in Lash LLC's Application for Registration. Likewise, the Yeso LLC's Certificate of Formation of Limited Liability Company on file with the Texas Secretary of State provides that the company is to be "managed by managers" and lists Defendants Mizra and Uppal as the only "governing persons" (i.e., managers) of Yeso, LLC.

Defendants' alcohol delivery service.

4.15     At all relevant times herein, Defendants Mizra and Uppal were engaged in interstate commerce and are employers for purposes of the FLSA.

### D. Plaintiffs Employment with Defendants

4.16     Plaintiff were employed by Defendants as drivers and all had the same primary job duty: to deliver food and beverages and other items to customers' homes or workplaces.

4.17     Plaintiffs were employed by Defendants at various times from November 2015 to October 2016.

4.18     Plaintiffs were promised tips plus a minimum hourly rate of pay.

4.19     Plaintiffs' rate of pay was $11.00 per hour.

4.20     Plaintiff's were under Defendants' control and direction.

### E. Defendant's Tips Conversion

4.21     During the course of the Plaintiffs' employment as drivers for Defendants, certain customers paid tips to the Defendants intended for the drivers.

4.22     Defendants collected said tips but failed to deliver the tips to Plaintiffs.

### F. Defendants' Failure to Pay Overtime

4.23     In workweeks where Plaintiffs worked forty (40) hours or more, Plaintiffs should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage.

4.24     However, at times, Plaintiffs worked in excess of forty (40) hours a week but were not compensated for such overtime work.

### G. Defendant's Improperly Deducted Wages

4.25     Plaintiff Hallum was involved in a motor vehicle accident.

4.26    Defendants improperly deducted monies from Plaintiff Hallum's pay check for alleged damages to a company vehicle.

## V. COUNT 1
## FAILURE TO PAY OVERTIME

5.1    The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

5.2    One or more of the Plaintiffs herein named worked more than forty hours per week but were not compensated for the overtime wages to which they were entitled.

5.3    Despite the demand by Plaintiffs and their attorney, Defendants have failed and refused to fully compensate Plaintiffs for the overtime pay to which they are entitled.

5.4    Defendants' violations of the FLSA are willful violations.

5.5    At all relevant times herein, Plaintiffs, by virtue of their job duties and activities actually performed, are all non-exempt employees.

5.6    At all relevant times herein, Defendants were an "employer" under 29 U.S.C. § 203(d) of the Fair Labor Standards Act (FLSA), subject to the provisions of 29 U.S.C. § 201, *et seq*.

5.7    At all relevant times herein, Plaintiffs were non-exempt "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

5.8    At all relevant times, Defendants policies and practices deprived Plaintiffs of wages that were owed for work performed during a given continuous workday and workweek.

5.9    In workweeks where Plaintiffs worked forty (40) hours or more, Defendant's policies and practices also deprived Plaintiffs of overtime pay at a rate of 1.5 times their regular rates of pay.

5/10    Accordingly, Plaintiffs seek an appropriate Order ordering Defendants to pay Plaintiffs all back wages Defendants owe Plaintiffs from their time of employment with Defendants, plus interest, plus an additional equal amount as liquidated damages, plus reasonable attorney's fees and costs.

## VI. COUNT 2
## CONVERSION OF TIPS

6.1    The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

6.2    Defendants represented that Plaintiffs would receive 100% of their tips but failed to give Plaintiffs 100% of their tips.

6.3    At all times relevant herein, Plaintiffs owned all tips received from customers as gifts while working as drivers and/or had the right to possess the tips.

6.4    At all times relevant herein, Defendants intentionally interfered with the Plaintiffs' dominion and control over said tips.

6.5    At all times relevant herein, Defendants' interference deprived the plaintiff of possession or use of said tips.

6.6    Defendants unlawful conversion of Plaintiffs tips has caused damages to the Plaintiffs for which Plaintiffs seek recovery herein from Defendants.

## VII. COUNT 3
## CONVERSION OF PLAINTIFF HALLUM'S PAY

7.1    The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

7.2     Plaintiff James Hallum worked for and was owed earned hourly wages by Defendants which Defendants failed and refused to pay.

7.3     Defendants intentionally interfered with Plaintiff Hallum's dominion and control over said wages by improperly retaining said wages as "compensation" for damages to a company vehicle

7.4     Defendants' interference deprived James Hallum possession or use of said wages.

7.5     Defendants withheld Plaintiff Hallum's final paycheck without a signed deduction acknowledgment, prior agreement and/or other lawful permission.

7.6     Defendants unlawful retention of Plaintiff Hallum's earned wages has caused damage to the Plaintiff Hallum for which he seeks recovery herein from Defendants.

## VIII. COUNT 4
## UNJUST ENRICHMENT

8.1     The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

8.2     At all times relevant herein, Defendants retained tips intended by its customers as gifts to Plaintiff drivers.

8.3     Pursuant to 29 CFR § 531.52, a tip is the sole property of the tipped employee.

8.4     Defendants' have been unjustly rewarded by their unlawful conduct as herein above described.

8.5     Without limiting the breadth or scope of the foregoing averment, Plaintiffs would show that Defendants have been unjustly enriched in one or more of the following ways:

   a.     Defendants have been enriched by the value of the overtime wages which were earned

by Plaintiffs but which Defendants have failed and/or refused to pay.

      b.      Defendants have been enriched by the value of the automobile expenses which were incurred by Plaintiffs using their own vehicles in the course of their required duties for the Defendants but which Defendants have failed and/or refused to pay.

      c.      Defendants have been enriched by the value of Plaintiffs' tips which were provided by Defendants' customers to Defendant but which Defendants have failed and/or refused to pay.

      d.      Defendants have been enriched by the value of the Plaintiff Hallum's earned hourly wages which were retained or withheld by Defendants without just cause or permission.

8.6    At all times relevant herein, Defendants were enriched, knowingly at the expense of the Plaintiffs, and the circumstances are such that in equity and good conscience restitution should be made.

8.7    Defendants unjust enrichment at the expense of the Plaintiffs has caused damages to the Plaintiffs for which they seek recovery herein from Defendants.

## IX. COUNT 5
## FRAUD, MALICE AND GROSS NEGLIGENCE

9.1    The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

9.2    Defendants promises to pay its drivers, such as the Plaintiffs, 100% of their tips in addition to a minimum hourly wage, and agreed to pay Plaintiffs $11.00 per hour.

9.3    However, Defendants, through their policies, practices and procedures, purposefully withheld tips, automobile expenses and/or overtime wages that were earned by and/or otherwise owed to

Plaintiffs, as well as caused their effective hourly wage to be less than the promised and/or offered hourly wage.

9.4 Defendants conspired to deceive its customers and Plaintiffs regarding the payment of tips.

9.5 Defendants encouraged customers to pay tips online rather than to give tips directly to its drivers.

9.6 Defendants posted on its website and published to its customers: *"Are tips expected? It's YOUR CHOICE. If you are planning on giving a tip, for the safety of our drivers we encourage you to use the online tip feature."* However, Defendants then improperly retained such tips.

9.7 Defendants deceived its customers into paying a tip they believed was going to the Plaintiff drivers.

9.8 Defendants also deceived Plaintiffs by claiming they were not owed any tips, or alternatively, that no tips were provided by customers to Plaintiffs.

9.9 Based on the above described conduct, Plaintiffs are entitled to and do hereby seek exemplary damages from Defendants.

## X. LIABILITY OF CORPORATE OFFICERS

10.1 The allegations contained in all of the paragraphs of this Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

10.2 Defendants Arshaad Mirza and Manil Uppal are personally liable under the FLSA for failure to pay overtime and minimum wage violations.

10.3 Defendants Arshaad Mirza and Manil Uppal had significant ownership interest in Defendants Lash and Yeso.

10.4    Defendants Arshaad Mirza and Manil Uppal had personal responsibility for the decisions that lead to the conduct which violated the FLSA, as well as the other counts herein alleged.

10.5    Defendants Arshaad Mirza and Manil Uppal supervised and controlled the Plaintiff drivers work schedules and conditions of employment.

10.6    Defendants Arshaad Mirza and Manil Uppal maintained employment records.

10.7    Defendants Arshaad Mirza and Manil Uppal controlled significant aspects of the corporation's day-to-day operations, including the compensation of employees.

10.8    Defendants Arshaad Mirza and Manil Uppal caused the corporate form to be used as a sham for the purpose of perpetrating constructive fraud on Plaintiff drivers and its customers for the direct personal benefit of the Defendants and/or the corporate form to be used as part of a basically unfair device to achieve an inequitable result.

10.9    Defendants Arshaad Mirza and Manil Uppal's use of the corporate form would be a means of perpetrating fraud, a means of evading an existing legal obligation, as a protection of crime or to justify wrong and is so grossly unfair as to amount to constructive fraud.

## XI. WILFUL VIOLATIONS

11.1    Upon information and belief, Defendants knowingly, willfully, and intentionally failed to compensate Plaintiffs the applicable overtime in violation of 29 U.S.C. § 207, as well as knowingly, willfully, and intentionally converted property and/or committed fraud.

11.2    Because of Defendants' willful violation of FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, overtime and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial.

## XII. OTHER MATTERS/JURY DEMAND

12.1    Plaintiffs reserve the right to allege additional claims and facts as may be appropriate based on future developments and/or as additional information is learned or revealed through discovery in this cause.

21.2    Plaintiffs request trial by jury and tenders the jury fee with this petition.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendants be cited to appear and answer, and upon hearing or trial, that judgment be rendered against Defendants and for Plaintiffs on all claims and causes of action herein brought against Defendants; that Plaintiffs be awarded all damages available in law and/or in equity, including but not limited to actual, compensatory and liquidated damages, attorneys' fees, exemplary damages, court costs, expenses and pre- and post-judgment interest as provided by law; and that Plaintiffs be awarded such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled and for which Plaintiff will ever pray.

**PLAINTIFFS RESPECTFULLY DEMAND TRIAL BY JURY**

[Remainder of page left blank intentionally.]

Respectfully submitted:

**WM. RANDELL JOHNSON**
**LAW OFFICE OF WM. RANDELL JOHNSON**
P. O. BOX 260080
PLANO, TEXAS 75026
VOICE: (972) 769-7200
FACSIMILE: (972) 758-9783
wrjlaw@aol.com

- AND -

**J. MARK SCARBROUGH**
**J. MARK SCARBROUGH, P. C.**
4652 CRYSTAL CREEK DRIVE
PLANO, TEXAS 75024
(214) 403-8527
scar11@tx.rr.com

BY: /s/ Wm. Randell Johnson
**WM. RANDELL JOHNSON**
SBOT NO. 10805450
**J. MARK SCARBROUGH**
SBOT NO. 24030140

**ATTORNEYS FOR PLAINTIFFS**