IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAUN FEDERSPIEL, ISAIAH ADAMS, § <br> JAMES HALLUM, JOEL PRICE, § <br> ERIN ANDERSON, THOMAS FRANCIS § <br> and KIANNA BOYLES, § <br>        Plaintiffs, § <br> § <br> § <br> LASH LLC d/b/a LASH DELIVERY LLC, § <br> YESO LLC, MANIL UPPAL and § <br> ASHAAD MIRZA, § <br>        Defendants. § | CIVIL ACTION NO. 3:17-cv-01318-N <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs' file this Motion to Strike Defendants' Affirmative Defenses under Federal Rule of Civil Procedure 12(f):

### I. PROCEDURAL HISTORY

On July 31, 2017, Plaintiffs' filed its First Amended Complaint alleging violations of the FSLA and other claims.

In response, on August 14, 2017, Defendants filed Defendants' Answer to Plaintiffs' First Amended Complaint that included certain "affirmative defenses." See ANSWER p. 13-14.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). As pleadings, affirmative defenses are governed by Fed. R. Civ. P. 8, and must

provide Plaintiffs with fair notice of the affirmative defense. Providing such notice helps to ensure that the plaintiff will not be "a victim of unfair surprise." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2012). A Rule 12(f) motion to dismiss is properly used to strike an affirmative defense that is insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

Because Rule 8(c) requires that affirmative defenses be pleaded, it follows that affirmative defenses are subject to the pleading requirements of the Rules 8(b)(1)(A) and 9. *Renalds v. SRG Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (observing that affirmative defenses are subject to the pleading requirements of the Federal Rules). See *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint."); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."). As one district court explained, "plaintiffs are entitled to receive proper notice of defenses in advance of the discovery process and trial." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010).

Prior to the Supreme Court decisions in *Twombly* and *Iqbal*, at least one federal Court of Appeals had held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield at* 362; see generally *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Woodfield*, the court held that a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id.

Federal district courts applying the heightened pleading standard of *Twombly* and *Iqbal* to affirmative defenses have justified doing so on a number of grounds, including (1) fairness to the parties; (2) a textual reading of the Federal Rules of Civil Procedure; and (3) efficiency and judicial economy.

In essence, this rationale is based upon common sense. Courts have stated that it would be inequitable to hold plaintiffs to a higher pleading standard than defendants. Such a rationale is arguably grounded in *Twombly's* acknowledgment of "the need for fair notice" in a plaintiff's complaint, and that such a concern should be equally applied to defendants.

The reasoning is simple. Just as a defendant faced with a factually deficient complaint, a plaintiff should not have to respond to defenses that lack factual support. Pleading standards must apply to defendants and plaintiffs "otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge." *U.S. v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007). Accordingly, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." Id.

Textual consistency application of the same pleading standard to defendants and plaintiffs, alike, is also found by a textual comparison of the relevant pleading rules. Courts using the textual approach reason that because both Rule 8(a)(2) and Rule 8(b) of the Federal Rules of Civil Procedure require a "short and plain" statement in the pleading of claims and affirmative defenses, it follows that both plaintiffs and defendants must plead sufficient facts to put the other side on notice of the basis of their defenses and claims. See *Barnes v. AT&T Pension Ben. Plan*

*Nonbargained Program*, 718 F. Supp.2d 1167, 1171 (N.D. Cal. 2010) (applying Twombly to affirmative defenses and equating Rule 8(a)(1) and Rule 8(b)(1)).

### III.  DEFENDANTS' AFFIRMATIVE DEFENSES

In pleading an affirmative defense, the defendant must comply with Rule 8's requirement of a short and plain statement to give the opposing party fair notice of the defense and the grounds on which it rests.  The Defendants' affirmative defenses in sections 148-153 do not rise even to the level of bare conclusory statements and do not provide Plaintiffs' adequate information to formulate a response.

**A.  Defendants' Affirmative Defenses That Are Not Affirmative Defenses**

As an initial matter, Defendants pleaded two affirmative defenses that are not affirmative defenses: (1) Plaintiffs were independent contractors; and (2) Plaintiffs' are not entitled to exemplary or liquidated damages.  See ANSWER p. 14.  These should be stricken as improper.

**B.  Defendants' Additional Affirmative Defenses Should Be Stricken for Failure to Provide Fair Notice**

Defendants merely assert a laundry list of affirmative defenses that will unfairly prejudice the Plaintiffs absent fair notice.  See ANSWER sections 148-153.  As noted above, affirmative defenses must alert Plaintiffs to the nature and grounds for such assertions.

Plaintiffs' respectfully moves to strike them pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

### IV.  CONCLUSION

For the reasons set forth above, the Plaintiffs' respectfully requests that this Court grant its motion to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) and for such other relief to which Plaintiffs may be entitled.

Respectfully submitted by:

**LAW OFFICE OF WM. RANDELL JOHNSON**
P. O. BOX 260080
PLANO, TEXAS 75026
VOICE:          972/769-7200
FACSIMILE:    972/758-9783

- AND -

**J. MARK SCARBROUGH, P. C.**
4652 CRYSTAL CREEK DRIVE
PLANO, TEXAS 75024
(214) 403-8527

BY: */s/ Wm. Randell Johnson*
**WM. RANDELL JOHNSON**
SBOT NO. 10805450
wrjlaw@aol.com
**J. MARK SCARBROUGH**
SBOT NO. 24030140

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2017, I electronically filed the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/ Wm. Randell Johnson*
Wm. Randell Johnson